## G., H. & H. R'y Co. v. Grant Moore.

(Case No. 1584.)

1. NEGLIGENCE.— In an action by a child six years old against a railway company for personal injuries inflicted in the street of a city by the running of its cars, the negligence of the parent in sending the child unattended on an errand which required it to cross the railway track cannot be imputed to the child or affect its right to recover for injury sustained. It will only be chargeable with such discretion in realizing and avoiding danger as a child would exercise.

2. CASES APPROVED.— Government Street R. R. v. Hanlon, 53 Ala., 82; Boland and Wife v. Missouri R. R. Co., 36 Mo., 491, and Bellefontaine & I. R. R. Co. v. Snyder, 18 Ohio St., 400, approved.

3. NEGLIGENCE.— The duty to do no act which will inflict injury on a child rests upon all persons and corporations as well as upon the parent, and the fact that the negligence of some third person contributed to an injury wrought on the child can afford no excuse for the wrongdoer.

ERROR from Harris. Tried below before the Hon. James Masterson.

Grant Moore, who brought this suit, he being but six years old when injured by plaintiff in error, alleged that on the 20th of December, 1880, while crossing appellant's road at a point where it crosses Maple street, in the city of Houston, he was run over by its cars, and his left leg thereby cut off between the knee and the ankle. It was alleged that the occurrence took place within the corporate limits of Houston, at a public street crossing, and was caused by the negligence of the servants in charge of its train, and without fault on the part of appellee. The negligence complained of was that the cars were running faster than allowed by ordinance of the city, and that the bell was not rung, the whistle sounded, nor other warning given to appellee of the fact that the train was in motion. He claimed $10,000 damages.

The road pleaded:

1. General issue.

2. Contributory negligence of plaintiff.

3. Contributory negligence of plaintiff's mother in permitting her child at such tender age to be on the street unattended, at a public crossing where there were railroads crossing the street, which were constantly in use by trains switching in the yard and running on the main lines.

Verdict for appellee for $2,091.

Motion for new trial on the grounds:

1. That the court refused charges 1 and 2 asked by appellant.

2. Because the verdict was not sustained by the evidence, but was contrary thereto.

Only one witness — Henry Kimble — a boy ten years old at time of trial, saw appellee immediately before the accident, and he stated that appellee had crossed the track when he saw him last. He crossed the track about twelve feet ahead of appellee, and saw the train on the track about forty-eight feet from him, but did not notice that it was moving. He stated that where he and appellee crossed the track and where appellee was injured, was a public crossing. "There was no whistle being blown, nor was any bell ringing either before or after Grant and I got to the track, nor when we crossed it, nor when Grant was injured."

He and Grant were walking together when they approached the track from the west side, and after he had crossed a "few feet beyond the east side he heard a cry, and looking back saw Grant lying in the ditch on the east side of the track with his left leg crushed and mangled."

The plaintiff was six years old in July last before he was injured, which was in December, 1880.

On the trial, on examination by the court, he was held incompetent to testify because of his tender years and want of understanding of the nature of an oath. He lived with his mother, and she had control of him. They lived on the east side of the railroad track. She sent her son on an errand to a neighborhood on the west side of the track. She says that from where she lived to the neighborhood to which she sent him he had to cross the railroad track; and the usual place of crossing it was that at which he was injured.

*Baker & Botts*, for plaintiff in error, cited Hartfield v. Roper, 21 Wend., 615; Morgan v. Brooklyn R. R. Co., 38 N. Y., 459; Meeks v. So. Pac. R. R. Co., 52 Cal., 602; Ervin v. C. & N. W. R. R. Co., 38 Wis., 630 (1 and 2).

*Jones & Garnett*, for defendant in error, cited Teal et al. v. Terrell et al., decided at Galveston term, 1883; Mitchell v. DeWitt, 20 Tex., 299; 47 Tex., 148; 22 Tex., 223; 18 Tex., 871; 17 Tex., 636; 2 Thomp. on Neg., pp. 1184–1197; Bellefontaine R. R. Co. v. Snyder, 18 Ohio St., 400; Cleveland R. R. Co. v. Manson, 30 Ohio St., 451; Daly v. Norwich R. R. Co., 26 Conn., 591; Birgers v. Gardner, 19 Conn., 507; Norfolk R. R. Co. v. Ownsby, 27 Gratt., 455; Government Street R. R. Co. v. Hanlon, 53 Ala., 70; Robinson v. Cone, 22 Vt., 213; 48 Pa. St., 218; 31 Pa. St., 372, 358; 65 Pa. St., 269; 75 Pa. St., 257; 57 Pa. St., 172; 1 Thomp. on Neg., pp. 424,

425, 426, sec. 7; 2 Thomp. on Neg., p. 1157; Haley v. Earle, 30 N. Y., 208; Trow v. Vermont, etc., R. R. Co., 24 Vt., 487; Cummins v. Presly, 4 Harr., 315; Austin v. New Jersey Steamboat Co., 43 N. Y., 75; Sullivan v. Louisville Bridge Co., 9 Bush, 81–90; Locke v. First Division, etc., R. R. Co., 15 Minn., 350; Northern Central R. R. Co. v. Price, 29 Md., 420; Kenyon v. New York, etc., R. R. Co., 5 Harr., 480; Baltimore, etc., R. R. Co. v. Trainor, 33 Md., 542; Myers v. Chicago, etc., R. R. Co., 59 Mo., 223; Davies v. Mann, 10 Mees. & W., 545 (English Court of Exchequer); also reported in 2 Thomp. on Neg., p. 1105; Radley v. The London & Northwestern Railway Co. (English Court of Exchequer), 2 Thomp. on Neg., p. 1108.

Stayton, Associate Justice.— The charge in all cases should be made with reference to the case made by the evidence; and in this case the court did not err in charging with regard to an injury inflicted upon the plaintiff while upon the track of the defendant's railway, for the facts in evidence left but little, if any, doubt that the injury was received by the plaintiff while upon the track of the railway.  There was no assumption of that fact, however, in the charge; nor is there any complaint that the charges were not correct as legal propositions.

It is claimed that the court erred in refusing to give the following charge: " The plaintiff has been held incompetent to testify because of his tender years.  Now, if you believe from the testimony that the plaintiff, at the time he was injured, was so young and inexperienced as not to be capable of taking ordinary care of himself for safety when crossing railroad tracks where trains are frequently running, and if you further believe that the plaintiff lived with his mother and was under her care and control, and that she had sent him on the day he was injured on an errand which required him to cross the railroad track in going and returning, and was in the habit of sending him across the railroad without protection, and that this was negligence on her part, and that such negligence of hers contributed to the injury of her son, or, in other words, that he would not have been injured but for such negligence of his mother, then you will find for the defendant."

The court had instructed the jury that " if the proof satisfy you that the defendant was negligent in running its engine and cars on and over its track, and that plaintiff's injuries resulted from such negligence, then find for plaintiff, unless the evidence shows that plaintiff contributed by his own negligence to such injury; and in

considering the question of contributory negligence, being on a railroad track is *prima facie* evidence of negligence, if the person was of age and discretion to realize the danger; but in a case of a minor or child of tender years, only such care, discretion and judgment as a child has, *i. e.*, a child's discretion of such tender years, is required; but whether you find plaintiff guilty of contributive negligence or not, if defendant was not guilty of negligence, your verdict should be for the defendant."

The third charge asked by plaintiff and given in the court below was as follows: "If the jury believe from the evidence that the plaintiff was injured as he alleges, and that just before and at the time of the injury he was on defendant's railroad track at or about a public crossing, and that he did not see or know of the approach of the train of cars that injured him, and if you further believe from the evidence that the servants and agents of defendant were in charge of and running said train of cars on said track, and by the use of ordinary and reasonable care and prudence could have seen the plaintiff and prevented said injury, then, if they failed to use such care and prudence, and by reason thereof plaintiff, without negligence on his part, was injured, he is entitled to recover."

These charges submitted to the jury, fairly and clearly, the question of negligence in the plaintiff and defendant, and there was evidence tending strongly to show that the defendant was negligent in operating its train in a street, and at a crossing where people were constantly passing. And unless it be the law that the act of the mother in sending the boy, who was between five and six years old, in company with an older boy, upon an errand which required him to cross the railway, be negligence which is to be imputed to the boy, there was no error in refusing to give the charge which was asked by the defendant.

As to whether the negligence of a parent is to be imputed to an infant, the opinions of courts, distinguished for their learning, are widely at variance, and they are perhaps irreconcilable.

The leading case in America supporting the affirmative of the proposition is the case of Hartfield *v.* Roper, 21 Wendell, 615, which, with many exceptions and modifications, has been followed in the main by the courts of several other states.

This line of decisions seems to apply the rule without reference to whether the parent is present, and in some way actually contributes by negligent act to the injury or not, and even to make the remote negligence of the parent or other legal custodian imputable to the child.

The case of Robinson v. Cone, 22 Vt., 213, is an exponent of the negative of the proposition, and courts of several of the states have gone in the same direction.    Among those in which the question seems to have been carefully considered are the following: Bellefontaine & I. R. R. Co. v. Snyder, 18 Ohio St., 400; Government Street R. R. Co. v. Hanlon, 53 Ala., 71; Boland and Wife v. Missouri R. R. Co., 36 Mo., 491; Ranch v. Lloyd & Hill, 31 Pa. St., 370; Daley v. Norwich & Worcester R. R. Co., 26 Conn., 593.

The case of Waite v. North-Eastern R. R. Co., El., Bl. & El., 719, is the leading English case upon the subject, and seems to limit the operation of the rule to those cases where the parent or custodian is actually present and directing or controlling the action of the child, and to us this would seem to be the utmost limit to which the rule in reason and upon sound principle could be extended.    This rule seems to have been recognized in the case of Stillson v. Hannibal & St. J. R. R. Co., 67 Missouri, 671.

The basis of all obligation to compensate for an injury resulting to a child of tender age, not capable of contracting, arises from a breach of duty.

In case of a parent, the duty of protecting the child from injury is a legal one, which ordinarily finds sufficient promptings in parental affection to induce its full performance.

The parent is under a legal obligation to educate and maintain the child, and it has no legal claim upon others to perform that duty; but the obligation to do no act which will result in injury to a child rests upon all persons and corporations as well as upon the parent, and in this respect it does not differ even in degree.    With the parent the duties are largely affirmative; with others they are mostly negative.

In the case of persons and corporations exercising a dangerous public employment, as was the defendant in this case, in the center of a city, this negative duty is peculiarly strong; and it is difficult to perceive the legal principle which will excuse them from its performance, upon the ground that some other person, even though that person be a parent, charged with a like duty, may have neglected to perform it.

This is the logic of the rule by which the defendant in this case seeks to be excused for its own failure of duty.

The rule in this matter is so well and strongly expressed by Brickell, C. J., in the case of Government Street R. R. v. Hanlon, 53 Ala., 82, that we here insert and adopt it.    He says: " If a child should be abandoned by its parents, thrown out as a mere waif in

society, it is not possible, it seems to us, that one who negligently inflicts on it an injury can be heard to invoke the parents' crime to shield himself from liability for wrong. It seems repulsive to our sense of justice, that, because the parent is negligent of his child, others may with impunity be equally negligent of its helplessness, and equally indifferent to its necessities. The law may not compel active charity for the relief of the child, but it does shield him from positive wrong or neglect. Without inquiring, therefore, whether negligence can be imputed to the parents of the plaintiff because they permitted him to go into a crowded street of a populous city, unattended (except by one probably not capable of protecting him), we do hold that if it were negligence it cannot be charged to the plaintiff or affect his right of recovery in this case."

If the rule contended for by the defendant was recognized, it might with propriety be held that the negligence of the mother was not the proximate cause of the injury. Davies v. Mann, 10 Mees. & W., 545; Kerwhacker v. Cleveland, C. & C. R. R. Co., 3 Ohio St., 172.

The court did not err in refusing to give the instruction asked by the defendant, nor in refusing to grant a new trial. The evidence tends to show that the defendant was operating a railway in the streets of a city; that its cars were running at a speed greater than permitted by valid ordinances of the city, with box cars in advance; that there was no lookout upon these cars, no bell ringing nor whistle sounding to notify persons of its approach; the plaintiff was in the street at a regular crossing when injured, and the jury having found, in effect, by their verdict that the plaintiff used such care as could be expected from one of his age, and that his injury resulted from the negligence of the defendant, the judgment must be affirmed; and it is so ordered.

AFFIRMED.

[Opinion delivered March 6, 1883.]