Jos. S. WILLIAMS AND WIFE v. THE T. & P. R. R. Co.

(Case No. 1509.)

1. FACT CASE.— See statement of case for petition in a suit by husband and wife against a railway company, for damages claimed on account of the alleged negligent killing of their child, held not sufficient.
2. NEGLIGENCE OF PARENTS.— Though in a suit by a child for damages on account of injuries received through the culpable negligence of another, it will be charged with only such discretion in realizing and avoiding danger as a child of its years and observation would exercise, and if it be wanting in discretion, the fact that the negligence of the parents may have contributed to its injury·can offer no excuse, yet, if the action be by the parent of the child who was killed by the injury, the rule is different; in the latter case, if the negligence of the parents contributed to the death of the child, they cannot recover.
3. DISTINGUISHED.— This case distinguished from G., H. & H. R'y Co. v. Moore, 59 Tex., 64; Evansich v. G., C. & S. F. R'y Co., 57 Tex., 123–126; and Tex. & P. R'y Co. v. O'Donnell, 58 Tex., 28.

APPEAL from Wood. Tried below before the Hon. John C. Robertson.

This suit was brought by Joseph Williams and his wife against the defendant company, alleging in substance that on the 17th of December, 1880, their son George, a child about eight years old, left his home without their knowledge, and engaged in playing on the platform at defendant's depot; that the defendant company, knowing this, continued to move the cars by the platform, until the child, in attempting to leap from the platform upon the moving car, fell and was run over and killed by the car; that the car was detached from the engine, and that no one was upon it; that no one of mature age or discretion was with the child to protect it from danger; that knowing the danger the company's agents "willingly" neglected to make, order or advise the child to go away; that the plaintiffs and others had, prior to that time, instructed the railway company, its agents and employees at that place, to make their children go away if found playing on the platform, and if necessary to whip them to compel them to go away. They claimed actual damages $1,300, and exemplary damages $10,000. The defendant excepted to the sufficiency of the petition, 'and the exceptions were sustained.

*Hart & Buchanan* and *Giles & Cate,* for appellants.

*James Turner,* for appellee.

*C. B. Stewart,* also for appellee.

WEST, ASSOCIATE JUSTICE.— Taken and considered together as a whole, we have come to the conclusion that the district court committed no error by its action in sustaining the exception and demurrer to the pleadings of the appellants as amended.

There is no averment in the amended petition that can be properly said to charge such negligence on the appellee, under the facts detailed, as would make it, under our previous rulings, responsible in damages to the appellants.

There is an averment to the effect that the moving car was detached from the engine, and that there was no person on it at the time when the child was killed by it.    But it is not distinctly stated, nor does it anywhere sufficiently appear from the pleadings, that this act of negligence of appellee, if indeed under the special facts set up in this case it can be called negligence to have no one on the moving car in question, was the direct cause of the injury.    It is not alleged that the presence of some one on the car would have prevented the accident.

It is nowhere alleged or pretended that, after the child attempted the fatal leap, any care or diligence on the part of the appellee could have saved his life.    On the contrary, it is shown with reasonable clearness and certainty from the pleadings of appellants, that the appellants were informed and had been made aware of the danger that attended the playing of children on the platform in question, and that they had information, at the very least, that children did frequently expose themselves to danger there.

Their pleadings disclosed the fact that, under the circumstances, it was dangerous for children of tender years to so expose themselves.    It was, as appears from their own version of the matter, the fault of the appellants that so young a child as the deceased was permitted or allowed to be exposed to such danger; and though, owing to its tender years, negligence in this respect of himself, or even of his parents, could not be charged against him (G., H. & H. R'y Co. v. Moore, 59 Tex., 64), yet when the suit is brought, as in this case, by the surviving parents, very properly, in considering the question of recovery, a different rule will govern.

In this case, this negligence of appellants which could not be imputed to the child will be considered in quite a different light when the suit is brought for the benefit of the appellants.    They, it appears, were guilty of negligence in exposing their child to danger. To this extent they contributed to the fatal result, and under the circumstances as alleged, being in fault, they cannot recover.

There is no pretense that the injury was inflicted designedly or

wilfully by the appellee, or that it resulted directly from any negligence or want of foresight and proper care on the part of the appellee.

Under all the facts as set forth, we are of the opinion that neither the child, if living, nor its surviving parents can maintain this action.

This case differs widely from the two cases of Evansich v. G., C. & S. F. R. R. Co., 57 Tex., 123 and 126, and of Tex. & P. R. R. Co. v. O'Donnell, 58 Tex., 28.

It is also very different in its features from the case of H. & T. C. R. R. Co. v. Simpson, vol. 2, p. 107, Tex. L. Rev., and from the case of The Gal., H. & H. R'y Co. v. Moore, 59 Tex., 64. All these cases, and as many others as have been accessible to us, have been examined with great care. Cooley on Torts, pp. 660–663, and notes.

We are of opinion that there is no error in the judgment, and that it ought to be affirmed.

AFFIRMED.

[Opinion delivered October 23, 1883.]