ST. LOUIS, ARK. & TEX. R'Y CO. v. JAMES S. SHARP.

(No. 2602.)

APPEAL from Bowie County.    Opinion by WILLSON, J.

TODD & HUDGINS, counsel for appellant.

No counsel appeared for appellee.

§ 328. *Contributory negligence; doctrine of, applied; case stated.* Appellee recovered judgment against appellant for $150 for personal injuries. In testifying upon the trial in his own behalf, appellee stated his cause of action as follows: "I was going out of Texarkana, walking southward along defendant's track. . . About half a mile out of town I saw a train coming towards me. I saw it about three hundred yards away, and stepped to the side of the track, on the right of way. When within twenty-five feet of my position the engine began to

squirt out hot water horizontally, and as it passed opposite me a stream of hot water and steam struck me about the face and body and legs. I was standing twelve or fourteen feet from the track at the time. It scalded my hands and legs and made me wet, and harassed and humiliated me. It made some blisters on my hands, which prevented my attending to duty as bar-keeper for several days, by which I was damaged about $30. After the train passed me I was shaking my breeches legs, and the engineer looked back at me and laughed. I reported the occurrence to the superintendent of the road, and told him if he would discharge the engineer I would take no action against the company. He said he would investigate the matter, but has not yet discharged the engineer."

The engineer testified, in substance, that in running an engine it was necessary at certain times to use the injector, the use of which would cause a stream of hot water and steam to be thrown from the engine to one side of the track a distance of about fifteen feet; that on the occasion in question it became necessary to use the injector, and he used it in the discharge of his duty as engineer, without any intention to injure appellee, not seeing or knowing that appellee was in a position to receive injury thereby. *Held*, appellee being wrongfully upon appellant's right of way, and seeing the approaching train, and that the engine was ejecting water, it was his duty to get out of the reach of the danger, if it was reasonably within his power to do so. He was a man in possession of physical and mental powers, and the law required him to use reasonable care to avoid injury. In such a case the rules of contributory negligence are applicable. Appellee cannot claim the benefit of the liberal doctrine applicable in the cases of children and other helpless persons who go upon the track of a railroad. [R'y Co. v. Evansich, 61 Tex. 3; R'y Co. v. Moore, 59 Tex. 64; 2 App. C. C. § 477.] Even if he had not been a trespasser upon appellant's right of way, he

was guilty of contributory negligence, if, seeing the danger he was in, and having it within his power to avoid it by reasonable exertion, he failed to do so.    To entitle him to recover in this action it devolved upon him to prove that the injury was the result of negligence on the part of appellant's employees in operating the engine. Railway companies are bound to exercise their dangerous business with due care to avoid injury to others, even to a trespasser [R'y Co. v. Sympkins, 54 Tex. 615; R'y Co. v. Weiser, 65 Tex. 443]; but, in a suit based upon a failure to use such care, the burden is upon the plaintiff to show such failure.    In this case the evidence does not show such failure.    On the contrary, the evidence shows that the hot water and steam were ejected from the engine necessarily, in the usual manner, without knowledge on the part of the engineer that appellee was in any danger of being injured thereby, and under circumstances which would reasonably cause said engineer to believe that appellee was not in danger of being injured.    On the other hand, the evidence fairly shows contributory negligence on the part of appellee.    The judgment is not supported by the evidence.

November 9, 1887.          Reversed and remanded.