THE TEXAS CENTRAL RAILWAY COMPANY v. SALLIE G. STUART.

No. 3.

1. **Charge of Court—Form of Verdict.**— See opinion for a charge of court as to the form of the verdict in case the jury should find for the plaintiff, held not to give undue prominence to the amount of the damages claimed.

2. **Same—Separate Claims of Damage.**—Where plaintiff alleges several injuries and claims separate damages therefor, the court should instruct the jury that the verdict may find for one of the injuries without also finding for the others; but construing the whole charge together, the omission so to do held not error in this case.

3. **Degree of Care Required of Railway Company.**—It is not error to charge that the law requires a railway company to take *great* care in the management of its trains. A carrier of passengers by rail is required to use the highest degree of care for their safety.

4. **Contributory Negligence—Burden of Proof.**—A charge of court to the effect that the burden of proof was on the defendant to "satisfy" the jury of alleged contributory negligence on the part of plaintiff, *held*, not correct. The burden of proof requires no more than a preponderance of evidence on that point.

5. **Pleadings—Special Exception Required, when.**—Where plaintiff alleges with reasonable precision several injuries resulting from one act, with separate claims of damage therefor, the defendant, without having urged any special exception to the manner of the averment, can not construe the pleading most favorably to himself, and require the court to charge upon such construction. Such case is not one in which the rule that the pleading is to be construed most strongly against the pleader should be applied.

6. **Practice — Remarks of Court upon Evidence.**— Remarks of the court in the hearing of the jury as to the admissibility and sufficiency of the evidence do not constitute reversible error when, under the facts of the case, they afford the party excepting thereto no just cause of complaint.

7. **Practice—Partial Juror.**—See opinion for case where, on a motion for new trial, the impartiality of a juror was attacked and sustained by affidavits, and the action of the court in overruling the motion held correct.

8. **Excessive Verdict — Fact Case.** — A verdict for $5000 for personal injuries occasioned to a child of three years while riding on a railway train in charge of its mother, held in this case not to be excessive.

9. **Judgment in Favor of Minor—Form of.**—Where a minor sues for damages by her next friend, the proper form of judgment is to recite that the plaintiff, by her next friend, naming them, do have and recover the amount of the judgment for the sole use of the minor, and the judgment should also recite that the money when collected is to remain in court until the qualification of a regular guardian, or the minor reaches her majority.

### ON MOTION FOR REHEARING.

10. **Final Judgment — Next Friend.** — Where a minor sues by next friend, a judgment in favor of the minor, without in express terms disposing of the next friend, is a final judgment from which an appeal can be taken.

ERROR from Eastland.    Tried below before Hon. J. M. MOORE, Special Judge.

*L. C. Alexander*, for plaintiff in error.— 1. The calling of the attention of the jury to the large amount sued for is error, when from the amount of the verdict, considered in connection with the other parts of the record, it may have influenced the jury to enlarge the verdict. Railway v. Gordon, 70 Texas, 89; Newman v. Dodson, 61 Texas, 91; Willis v. McNeill, 57 Texas, 478.

2. The court erred in instructing the jury that the law requires the defendant to take great care in the management of its trains, because the same is not the law as stated. Railway v. Halloren, 53 Texas, 53; Whart. on Neg., secs. 627–629; Railway v. Greenlee, 62 Texas, 344.

3. To charge that "the burden of proving contributory negligence is on defendant to satisfy you," is to require more than a preponderance of evidence.

4. The judgment is erroneous, in that it should have been rendered in favor of A. J. Stuart as next friend, as well as in favor of the minor plaintiff. A minor can not alone, without guardian or next friend, recover a valid judgment against a defendant. Smith v. Redden, 1 Posey's U. C., 365; Abrahams v. Vollbaum, 54 Texas, 227; Evansich v. Railway, 57 Texas, 126.

*Fleming & Moore*, for defendant in error.— 1. The charge of the court was a clear and correct exposition of the law applicable to the case as made by the pleadings and proof. Railway v. Hewitt, 67 Texas, 477; Hughes v. Railway, 67 Texas, 598; 2 Wood's Ry. Law, secs. 301, 317.

· 2. A new trial was properly refused, because at most the evidence was merely conflicting on the material issues in the case, and in the absence of a standard the court could not pronounce the verdict excessive. Railway v. Ormond, 64 Texas, 490; Railway v. Greenlee, 62 Texas, 351; 2 Wood's Ry. Law, sec. 317; 2 Thomp. on Neg., 1227, notes 3, 8, 10, 13.

3. If there was error in rendering the judgment in favor of the minor, without mention of her next friend, objection on this account comes too late now.   It should have been made by motion in arrest of judgment. Brooke v. Clark, 57 Texas, 111, 113.

HEAD, ASSOCIATE JUSTICE.—On the 19th day of January, 1883, Sallie G. Stuart, then a minor about three years of age, with her mother and younger sister, were passengers in a regular passenger train of plaintiff in error, going from Cisco to section house No. 19 on its line of railroad in this State.   At the town of Corban, a station on said railroad a short distance from defendant in error's destination, the train upon which she was riding was stopped and the locomotive detached therefrom and sent off on other business.   When the locomotive was again coupled to the cars this was done so negligently as to cause a collision of sufficient force to throw defendant in error from the seat upon which she was sitting against the stove in the car, from which she received a cut of considerable length over one of her eyes, and also a concussion of her back from which serious injuries to her kidneys afterwards resulted.   At the time of the collision between the locomotive and the cars, defendant in error, with her mother, was sitting on the seat immediately fronting the stove, the day being cold.

This suit was filed by defendant in error, suing by her next friend, A. J. Stuart, against plaintiff in error, October 24, 1883, to recover damages for the personal injuries inflicted as aforesaid.

The amount of damage alleged to have been caused from the injury to the head is $3000, and that alleged to have been caused from the injury to the back is $7000.   A trial on December 17, 1886, resulted in a verdict and judgment in favor of the defendant in error for $1000 for the injuries to the head and $4000 for the injuries to the back, and from this judgment this writ of error is prosecuted.

In its charge to the jury the court, in its statement of the nature of the suit, used this language:   " Plaintiff brings this suit by her next friend against defendant in the sum of $10,000, for certain alleged personal injuries."   Also the court, in the eighth paragraph of the charge, used the following language:   " If you find for the plaintiff, the form of your verdict will be:   We, the jury, find for the plaintiff and assess her damages, first, for the injuries to her head and consequent suffering therefrom in the sum of——— dollars (filling up the blank with the amount assessed, which must in no event exceed $3000); second, for the injuries to plaint-

iff's back and consequent suffering, we assess the damages in the sum of ——— dollars (filling up the blank with the amount found, which must in no event exceed $7000). If you find for defendant, you will simply so say." And plaintiff in error in its first assignment complains that this reference by the court in its charge to the amount sued for by defendant in error operated to its prejudice. We do not think the amount claimed in the petition was given sufficient prominence in the charge to operate to the prejudice of the plaintiff in error. Railway v. Burnett, 80 Texas, 538.

In its second assignment plaintiff in error claims that the court erred in instructing the jury " that the law requires the defendant to take *great* care in the management of its trains." In the case of Railway v. Burnett, cited above, a charge that carriers of passengers by rail are required to use the *highest* degree of care for their safety was, as we think, correctly approved, and we are clearly of the opinion that the degree of care exacted by the charge of the court in this case was not higher than that imposed by law.

In its third assignment plaintiff in error complains of this charge of the court, to-wit: " In order to defend from liability on account of alleged contributory negligence on the part of plaintiff or her mother, the burden of proof is on defendant to satisfy you of such contributory negligence under the law as herein defined." We believe that the use of the word " satisfy " in this paragraph of the charge was error, and that to sustain the defense of contributory negligence no more than a preponderance of the evidence upon that point is required. McBride v. Banguss, 65 Texas, 177. But an examination of the record satisfies us that there was no evidence raising the issue of contributory negligence, and that no charge upon this subject should have been given. The only evidence we find in the record upon this point is the uncontradicted fact that defendant in error was sitting on a seat next the stove, by the side of her mother, and if it be conceded that a child 3 years old could in any case be chargeable with contributory negligence (which we do not wish to be understood as conceding), or if it be conceded that negligence of the parent would be imputed to the child under the circumstances of this case, which in this State is at least doubtful (Railway v. Moore, 59 Texas, 67), we are clearly of the opinion that it is no negligence for a mother in charge of a 3-year old child to occupy the seat in the car nearest the stove on a cold day, when this is necessary for their comfort.

We have examined plaintiff in error's fourth assignment and the several propositions thereunder, and are satisfied that there is nothing in the numerous objections therein made of which it can justly complain, and no useful purpose could be subserved in their discussion.

The fifth assignment of error complains of the form of the verdict the jury were required by the charge of the court to adopt in case they found

in favor of the plaintiff, the contention being, that the form of this verdict required the jury to find damages both for the alleged injuries to the head and to the back, when the evidence would have authorized a finding that there was no injury to the back. The form of the verdict required by the charge of the court is quoted above, and if this were all that is said in the charge upon the subject it would raise quite a serious question. We believe, however, that taking the whole paragraph of the charge together, there is no reasonable probability that the jury could have been misled in allowing damages under either head which were not caused by negligence on the part of the plaintiff in error. The paragraph in which this form of the verdict is given is as follows: "And in this connection you are charged that the liability, if any, of defendant is measured by the fact that the injury received, if any, follows approximately from its culpable act, if any; and if you believe from the evidence that after such injuries, if any, were received by Sallie G. Stuart, she suffered from any malady or disease, then, unless you believe from the evidence that such malady or disease proximately resulted from the injuries negligently inflicted upon her by defendant, you can not consider such malady or disease or the damages or suffering springing from such disease or malady in estimating the damages. If you find any damages for plaintiff, you can only find damages in such sum as will compensate her for the injuries, if any, directly inflicted upon her by the negligent act of defendant and following approximately from such injuries. If you find for plaintiff, the form of your verdict will be," etc. Then follows the form of the verdict complained of.

We think there is no reasonable doubt but that the jury, construing the whole charge together, understood that they were only to allow such damages as were caused by the acts of the plaintiff in error, and that they were not misled by the form of verdict prescribed by the court into allowing any damages they otherwise would not have allowed. At the same time, we do not wish to be understood as approving the language used by the court in prescribing this form for the verdict, without also informing the jury that they might find damages for one of the alleged injuries without also finding for the other, and were there any reasonable ground disclosed by the record to believe that the jury could have been misled thereby, we would feel bound to reverse the case.

The seventh and eighth assignments of error call in question the action of the court in refusing two special charges requested by plaintiff in error, to the effect that if the jury believed the injury to defendant in error's kidneys resulted from the injury to her head, and not from the injury to her back, they should not allow any damages on account of such injuries. This is based upon the contention that defendant in error in her petition alleges the injuries to her kidneys to have resulted from the injury to her back, but we do not so construe the petition. The allegation relied upon

is in this language: "That by said fall plaintiff's back was seriously bruised and wrenched, by reason of which plaintiff suffered great and ex-cruciating pain for many days and nights, to-wit, one hundred; her kid-neys were seriously and permanently injured, and her lower limbs were paralyzed, and other injuries then and there done and resulting as afore-said." We construe this petition as alleging that the injury to the kid-neys resulted from the fall, just as the injury to the back resulted from the fall, and not that the injury to the kidneys necessarily resulted from the injury to the back; at least we think the petition is subject to this construction, and plaintiff in error not having specifically excepted to it, we think it should not now be allowed to complain. It is not a case in which the rule that a pleading is to be construed most strongly against the pleader should be applied.

The ninth assignment of error complains of the action of the court in having expressed in the hearing of the jury a doubt as to the admissibility of a report made by certain physicians appointed by the court to examine defendant in error, and the tenth assignment of error complains at the action of the court in expressing in the hearing of the jury a doubt as to whether there was sufficient evidence as to contributory negligence on the part of the mother to authorize a submission of this issue. The lan-guage used by the court below was such as occurs in almost every trial, and we think could have been expressed in both instances in much stronger language than was used, without giving plaintiff in error any just cause of complaint. The court's doubt as to the admissibility of the report of the physicians must have been a very serious one, and we have already held that there was no contributory negligence in the case.

The eleventh assignment of error calls in question the action of the court in overruling a motion for a new trial, upon the ground that the juror Shoate was not an impartial juror, as shown by the fact that upon one occasion at his boarding house, during one of the recesses of the court while the trial was in progress, when it was said in his presence that the jury had made up their minds on hearing the first witness, he replied, "Yes, the railways should be pulled (or made to pay money, or some lan-guage of equivalent import) when there is a chance at them." The fact that this juror used this language was shown by the affidavit of one H. C. Duke. At the hearing of this motion the affidavits of John Browning, W. B. Stanfield, and Billy Bearden, who were in a position to have heard this language of the juror had it been uttered, were read, and neither of them heard any such expression. After the hearing of this evidence the court proposed to withhold its ruling until the evidence of the juror him-self could be obtained, but both parties expressed a willingness to submit the question upon the affidavits introduced, and the court upon this evi-dence overruled the motion, thereby holding that the affidavit of the wit-ness Duke was not true in fact. If it be conceded that the motion upon

its face, accompanied with Duke's affidavit, was sufficient to authorize the granting of a new trial, which we do not decide, we think it clear that the finding of the court was amply sustained by the evidence before it.

The twelfth assignment of error complains of the action of the court in refusing a new trial on the ground that the verdict is contrary to the evidence and is excessive, but we are satisfied that the verdict is amply supported by the evidence in all respects.

The fourteenth assignment of error complains that the judgment should have been rendered in favor of A. J. Stuart as next friend of Sallie G. Stuart, instead of directly in favor of the minor herself. We are of the opinion that the proper form of judgment in such cases is to recite that the plaintiff by her next friend, naming them, do have and recover the amount of the judgment for the sole use of the minor, and that the judgment should also recite that the money when collected is to remain in court until the qualification of a regular guardian or the minor reaches her majority, and the judgment in this case will be reformed to so read. Railway v. Styron, 66 Texas, 424; Brooke v. Clark, 57 Texas, 112.

A supplementary assignment of error filed by plaintiff in error calls in question the action of the court in submitting to the jury separately the question of damages to the head and back, and requiring a finding as to each. While we do not approve of this practice, we see no evidence of any injury having resulted in this case to plaintiff in error of which it can complain.

Upon the whole case, we are of the opinion that the judgment in favor of the defendant in error should be reformed as above indicated, and when so reformed should in all things be affirmed, and that the costs of this appeal should be paid by plaintiff in error.

*Reformed and affirmed.*

Delivered October 18, 1892.

ON MOTION FOR REHEARING.

HEAD, ASSOCIATE JUSTICE.—The judgment rendered in the court below was in favor of the minor, without mentioning her next friend, and appellant in its motion for rehearing insists that this was not a final judgment, and asks that the appeal herein be dismissed.

We are of opinion that in this class of cases a judgment in favor of the minor without in express terms disposing of the next friend, is a final judgment from which an appeal can be taken. In addition to the authorities referred to in the original opinion herein, see Railway v. Hewitt, 67 Texas, 473; Oil Company v. Thompson, 76 Texas, 235; Savings Bank v. Wales, 3 Ct. App. C. C., sec. 244.

We are also of opinion that the disposition we have made of the case in holding that the remarks of the judge in the presence of the jury, to

the effect that he entertained doubts as the admissibility of the report made by the physicians appointed to examine appellee, were not such as to call for a reversal of the case. As said by Justice Henry, in the case of Smith v. Traders National Bank, 82 Texas, 368, " It is practically impossible for a court to make its rulings on questions arising during the trial without saying something in explanation."

The motion for rehearing will therefore be overruled.

*Motion overruled.*

Delivered December 22, 1892.