BARNES et ux. v. HEWITT et al.

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 26, 1912. Rehearing Denied Nov. 23, 1912.)

1. TRIAL (§ 234*)—INSTRUCTION—BURDEN OF PROOF—CONTRIBUTORY NEGLIGENCE.

In an action for injuries to a street car passenger, caused by a sudden jerk of the car, a charge that if the sudden jerk was negligence proximately causing the injury, and the passenger was not guilty of contributory negligence, the verdict must be for him, and that unless the matters stated are believed the verdict must be for defendant, and that the burden is on plaintiff to establish his case by a preponderance of the evidence, and if he fails to do so the verdict must be for defendant, is erroneous as placing on plaintiff the burden of proving freedom from contributory negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 534–538, 566; Dec. Dig. § 234.*]

2. APPEAL AND ERROR (§ 1064*)—PREJUDICIAL ERROR—INSTRUCTION—BURDEN OF PROOF.

Where, in an action for personal injuries, the evidence was conflicting on the issue of contributory negligence, an instruction placing on the plaintiff the burden of proving freedom from contributory negligence was prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

3. CARRIERS (§ 305*)—INJURIES TO PASSENGERS—EVIDENCE—ADMISSIBILITY.

Where a street car passenger sued for injuries caused by a sudden jerk of the car in coming to a stop to permit her to alight after the car had failed to stop at a prior signal, the failure to so stop was not actionable negligence, since not the proximate cause of the injuries.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1132, 1136–1139, 1245–1246; Dec. Dig. § 305.*]

4. CARRIERS (§ 315*)—INJURIES TO PASSENGERS—EVIDENCE—ADMISSIBILITY.

The evidence of the failure to stop pursuant to the prior signal was admissible as a part of the history of the transaction and relevant on the issue of contributory negligence, though not alleged in the petition.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1281, 1282; Dec. Dig. § 315.*]

Appeal from District Court, Johnson County; W. F. Ramsey, Jr., Special Judge.

Action by H. P. Barnes and wife against

Daniel Hewitt and another. From a judgment for defendants, plaintiffs appeal. Reversed and remanded.

Odell & Johnson and S. C. Padelford, both of Cleburne, for appellants. J. M. Moore and E. A. Rice, both of Cleburne, for appellees.

CONNER, C. J. The appellants, H. P. Barnes and wife, Mrs. Elizabeth Barnes, instituted this suit against the appellees to recover damages for personal injuries to Mrs. Barnes alleged to have been caused by the negligence of the defendants. It was charged that Mrs. Barnes became a passenger on one of the street cars belonging to and operated by the appellees; that while going north on Douglas avenue in the city of Cleburne and at the proper time she gave the stop signal for Herd street, upon which Mrs. Barnes lived; that the signal for this stop was disregarded; that she was carried forward to the next, or Wilson street, at which place the car line turned to the east along Wilson street; and that just as the car was turning into Wilson street, or had turned into Wilson street, and just as the car in obedience to her previous signal had stopped, or was about to stop, she arose to her feet, whereupon the operatives of the car negligently caused it to make a sudden lurch or jerk which threw Mrs. Barnes upon the floor of the car, broke her arm, and caused the injuries of which she complained. The defendant denied the alleged negligence, and pleaded that Mrs. Barnes was guilty of contributory negligence in the time and manner of her attempt to get off of the car at the corner of Wilson street. The verdict and judgment were in appellees' favor, and hence this appeal.

[1] The court submitted the issue of contributory negligence, but it is insisted that the burden upon that issue was by the court's charge placed upon the plaintiffs, and this contention, we think, must be sustained. The court, after defining negligence, contributory negligence, and proximate cause, thus submitted the plaintiffs' case: "Fifth. Now, gentlemen of the jury, if you believe from the evidence that on or about the 17th day of March, 1911, the plaintiff Mrs. Elizabeth Barnes was a passenger on one of the defendant's street cars running on Douglas avenue, as alleged by her in her petition, and that at or about the time said car was nearing the intersection of Douglas avenue and Wilson street in said city, or just after said car had arrived at the intersection of said streets, the defendants had knowledge and notice of the fact, if it be a fact, that the said Mrs. Elizabeth Barnes desired to alight from said car at said point, or would attempt to alight from the same at said point; and if you believe from the evidence that at said time the defendants stopped its said car at said place or was in the act of stopping same and had slowed said car down until same was about stopped, and that thereupon the plaintiff Mrs. Elizabeth Barnes arose from her seat in said car for the purpose of alighting from the same, and that at said time and under said circumstances the defendants suddenly started said car with a jerk, after said plaintiff had arisen from her seat and was standing in said car, and that by reason of said sudden jerk said plaintiff was thrown or fell upon the floor of said car and was injured as alleged by her; and you further believe from the evidence that the act of the defendants in causing said car to suddenly move forward or jerk, if it did so, was negligence, under all the facts and circumstances of the case, as shown by the evidence; and you believe that said negligence, if any, was the proximate cause of the injuries, if any, to the said plaintiff, and that said plaintiff was not guilty of contributory negligence—then you will find for the plaintiffs, unless you find for the defendants under subsequent paragraphs of this charge. Sixth. Unless you believe the matters set out in paragraph 5 above, from the evidence, then you are instructed without further inquiry to return your verdict for the defendants. * * * Eleventh. The burden is on the plaintiffs to make out their case by a preponderance of the evidence, and, if in this they have failed, you will return your verdict for the defendants."

It seems to us that the fifth, sixth, and eleventh clauses of the court's charge, when construed together, clearly place the burden of proof upon the plaintiff to disprove contributory negligence on her part. By the connecting words of the fifth clause, it was made as necessary to a verdict in favor of the plaintiffs that the jury find that Mrs. Barnes "was not guilty of contributory negligence," as it was to find in her favor upon any one of the other issues in that clause of the charge submitted. The issue was thus made a part of the "matter" which by the sixth clause the jury were specifically instructed they must find, and which, unless so found in the plaintiff's favor, the verdict must be for the defendant, and a part of the "plaintiffs' case" as to which the burden of proof was expressly put upon the plaintiffs in the suit by the eleventh clause of the charge.

[2] There were no other charges relating to the burden of proof, and we think the error pointed out prejudicial in view of the very acute conflict in the evidence on the issue of contributory negligence. The operatives of the car testified to the effect that as the car turned into Wilson street off of Douglas avenue no unusual jerk occurred. A couple of lady passengers engaged in conversation at the time also testified that they observed no unusual movement of the car. There was other evidence also to the effect that after the injury Mrs. Barnes stated, in

substance, that her fall was perhaps caused by stepping on her dress. But the effect of these conversations was denied by Mrs. Barnes, and she was quite clear in her contradiction of the operatives of the car, testifying positively to the jerk alleged and as to its having caused her fall. We therefore sustain appellants' "first additional proposition" under the first assignment of error. See G., C. & S. F. Ry. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538; Selman v. G., C. & S. F. Ry. Co., 101 S. W. 1030; Pares v. St. L. S. W. Ry. Co. of Texas, 57 S. W. 301.

Appellants criticise the charge in other respects and present some other questions; but we find nothing substantial in them as applied to the present appeal, and will therefore not undertake to discuss all of the assignments of error.

[3] We will say in passing, however, that we think the court correctly omitted to submit as a ground of recovery the alleged negligence of the operatives of the car in disregarding Mrs. Barnes' signal to stop at Herd street inasmuch as in no view of the case could such negligence, if any, have been the proximate cause of the injuries charged.

[4] The evidence relating to this subject, however, regardless of whether it was alleged in the plaintiffs' petition, was admissible, we think, as part of the history of the transaction, and as relevant to the issue of whether Mrs. Barnes exercised due care in arising from her seat at the time and place and under the circumstances she did.

For the error in the court's charge pointed out, it is ordered that the judgment be reversed, and the cause remanded.