CLEBURNE ST. RY. CO. v. BARNES et ux.
(No. 7995.)

(Court of Civil Appeals of Texas. Ft. Worth. June 6, 1914. Rehearing Denied July 4, 1914.)

1. TRIAL (§ 284*)—INSTRUCTIONS—APPROVAL BY FAILURE TO OBJECT — REQUESTED INSTRUCTIONS.

Where a party requested instructions which were refused, but he failed to object to the charge before it was given, so that under Rev. St. 1911, arts. 1971, 1973, 1974, 2061, as amended by Acts 33d Leg. c. 59, it is to be regarded as approved by him, the charge is to be considered as requested by him, as regards right to complain of refusal of the instructions, within the rule that, if one requests two different instructions on the same issue and one of them is given, he cannot complain of the refusal of the other.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 683–685; Dec. Dig. § 284.*]

2. TRIAL (§ 278*)—INSTRUCTIONS—SUFFICIENCY OF OBJECTIONS.

The objection to a charge during the trial should be as definite and specific as is required of an assignment of error to the giving of it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 686, 689; Dec. Dig. § 278.*]

3. TRIAL (§ 282*)—REFUSAL OF INSTRUCTIONS—SUFFICIENCY OF OBJECTION.

The objection to the refusal of a request to instruct the jury to return a verdict for defendant, because plaintiff's evidence is insufficient to sustain a recovery, not pointing out wherein the evidence is insufficient, is too general; the claimed ground of insufficiency of the evidence being that, while plaintiff testified that her fall and injury was caused by a sudden lurch or jerk of the street car, after it had

slowed down for a stop at the street crossing, and while she was proceeding to get off, there was no testimony that such jerk was unusual or extraordinary.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 695, 696; Dec. Dig. § 282.*]

4. CARRIERS (§ 318*)—INJURY TO PASSENGER—NEGLIGENCE—JERKING OF CAR—EVIDENCE.

Testimony of plaintiff, in an action for injury to a passenger on a street car, that her fall and injury was caused by a sudden lurch or jerk of the car after it had slowed down for a stop at the street crossing and while she was proceeding to get off, is sufficient, prima facie, without testimony that such jerk was unusual or extraordinary, to support a finding of negligence of defendant, especially in the absence of any evidence from it that such a jerk is an ordinary incident to the proper operation of a street car under the same circumstances.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. § 318.*]

5. TRIAL (§ 260*)—REFUSAL OF INSTRUCTIONS—INSTRUCTIONS ALREADY GIVEN.

Refusal of a requested instruction may not be complained of; it being substantially covered by the main charge, to which no objection was made.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

6. APPEAL AND ERROR (§ 1067*)—HARMLESS ERROR—REFUSAL OF INSTRUCTIONS.

The general charge having submitted the one issue of negligence, of suddenly jerking the car, and expressly stated that unless that issue was established verdict should be for defendant, refusal of a requested instruction, that another alleged act of negligence was not ground for recovery, is harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4229; Dec. Dig. § 1067.*]

7. APPEAL AND ERROR (§ 1067*) — HARMLESS ERROR—REFUSAL OF INSTRUCTIONS.

The general charge being practically as favorable to defendant on the issue of contributory negligence as its requested instruction thereon, it may not complain of refusal of the latter.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4229; Dec. Dig. § 1067.*]

8. DAMAGES (§ 130*)—PERSONAL INJURY—INADEQUATE VERDICT.

Under the evidence in an action for injury, to a woman 63 years old, consisting of a simple fracture of the radial bone in the left arm, just above the wrist, *held* a verdict of $100 was not grossly inadequate.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357–367, 370; Dec. Dig. § 130.*]

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Action by H. P. Barnes and wife against the Cleburne Street Railway Company. From a judgment for plaintiffs, defendant appeals; plaintiffs making cross-assignments. Affirmed.

J. M. Moore, of Cleburne, for appellant. Odell & Johnson and S. C. Padelford, all of Cleburne, for appellees.

DUNKLIN, J. This is the second appeal in this case, the opinion on the former appeal being reported in 152 S. W. 236. The suit was by Mrs. Elizabeth Barnes and husband against the Cleburne Street Railway Com-

pany for damages for personal injuries sustained by Mrs. Barnes as a result of a fall in one of defendant's cars while she was in the act of leaving the car. A judgment was rendered in favor of the plaintiffs upon the allegation of negligence on the part of the defendant in causing the car upon which Mrs. Barnes was a passenger at the time to suddenly lurch or jerk in such a manner as to cause her to fall and break her left arm near the wrist. The defendant has appealed.

[1] Several assignments of error are predicated upon the refusal of the court to give instructions requested by the defendant, and numerous objections are made by the appellees to the sufficiency of those assignments, predicated principally upon act of the Legislature of 1913. See General Laws 1913, p. 113. By that act some of the articles of the former statutes relative to the submission of a case to the jury by the trial court were amended so as to read as follows:

"Art. 1971. The charge shall be in writing and signed by the judge; after the evidence has been concluded the charge shall be submitted to the respective parties or their attorneys for inspection and a reasonable time given them in which to examine it and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived; before the argument is begun, the judge shall read his charge, and all special charges given by him to the jury in the precise words in which they were written; he shall not charge or comment on the weight of evidence; he shall so frame the charge as to distinctly separate the questions of law from the questions of fact; he shall decide on and instruct the jury as to the law arising on the facts, and shall submit all controverted questions of fact only to the decision of the jury."

"Art. 1973. Either party may present to the judge, in writing, such instructions as he desires to be given to the jury; and the judge may give such instructions, or a part thereof, or he may refuse to give them, as he may see proper, and he shall read to the jury such of them as he may give; provided, such instructions shall be prepared and presented to the court and submitted to opposing counsel for examination and objection within a reasonable time after the charge is given to the parties or their attorneys for examination.

"Art. 1974. When the instructions asked, or some of them, are refused, the judge shall note distinctly which of them he has given and which he refused, and shall subscribe his name thereto, and such instructions shall be filed with the clerk and shall constitute a part of the record of the cause, subject to revision for error."

"Art. 2061. The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided for in the foregoing articles."

A bill of exception appears in this record to the action of the court in refusing to give to the jury the eight several requested instructions, which bill was duly approved by the trial judge. Special instruction No. 1 reads:

"The defendant street railway company now here comes and requests the court to instruct the jury to return a verdict in its favor because the evidence of plaintiff is insufficient to sustain a recovery."

And in the bill of exceptions it is also stated that the reason for requesting the peremptory instruction No. 1 was that the evidence of plaintiffs was insufficient to sustain a recovery; but no reason is assigned for the exception to the rulings of the court in refusing the other seven special instructions requested, the bill containing the simple statement that "to the action of the court in refusing those instructions the defendant company then and there excepted." By some of those requested instructions the issue of whether or not the sudden jerk of the car was an act of negligence was presented as a disputed issue of fact, and the other special instructions were upon the issue of contributory negligence on the part of Mrs. Barnes. But all those special charges were requested after the court had refused defendant's special charge No. 1. The court gave a general charge submitting the plaintiff's cause upon the issue of negligence mentioned and also upon defendant's pleas of contributory negligence, all said issues being submitted as disputed issues, and the record fails to show that any objection was urged by the defendant to any portion of that charge. If, as provided by the amended statutes, a charge given without objection must be regarded as approved, it follows logically, we think, that parties who thus approve the charge are in the same situation as if that charge had been requested by them. And according to a well-established rule of decisions in force before the enactment of that statute, if a party requests two different instructions upon the same issue and one of them is given, he cannot complain of the refusal of the other. The evident purpose of the act referred to was to require the trial judge to be given the full benefit of any objections to his charge to the jury that might be urged upon appeal, to the end that the charge as finally submitted to the jury may be so framed as to avoid such objections.

[2] In Clarendon Land Investment Agency Co. v. McClelland, 86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105, cited by appellant, it was held that, notwithstanding the rules requiring assignments of error to distinctly specify the grounds of error relied on, an assignment addressed to a charge given by the court in general terms, without stating any reason why the ruling is claimed to be erroneous, was sufficient provided the reasons urged to sustain the assignment are stated in propositions submitted in support of the assignment. The rule so announced seems to have been uniformly followed since the rendition of that decision. Clearly, no reason is perceived why an objection to a charge made during the trial of the case should not be as specific as if made to the same charge in an appellate court. It would be unreasonable to suppose that the objections to the

charge given presented to the trial judge should be less definite and specific than when made in an appellate court.

[3, 4] By its first assignment appellant insists that its requested instruction No. 1 should have been given for the reason that, while Mrs. Barnes testified that the fall and injury was caused by a sudden lurch or jerk of the car after it slowed down for a stop at the street crossing and while she was in the act of proceeding to get off the car, there was no testimony to show that such jerk was unusual or extraordinary, and therefore that her testimony, which was the only testimony upon that issue, was insufficient to sustain a finding that such jerk was negligence. No evidence was introduced by defendant to show that such a jerk of the car as that described by Mrs. Barnes is usual and not an extraordinary movement in the operation of a street car under the same circumstances. It is unnecessary for us to determine whether or not the failure to object to the charge given was a waiver of appellant's right to complain of the refusal of this instruction, since the assignment must be overruled for two other reasons: First, the objection presented to the trial judge to his action in refusing the instruction was too general, in that it failed to point out wherein the testimony was insufficient, as is done here by the assignment presented to this court; second, under the decisions of our higher courts, we are of the opinion that the evidence of Mrs. Barnes, as to the sudden jerk of the car under the circumstances stated which caused her to fall, was sufficient, prima facie, to support a finding of negligence on the part of the defendant company, especially in the absence of any testimony from the defendant that such a jerk is an ordinary incident to the proper operation of a street car under the same conditions. See Choate v. S. A. & A. P. Ry. Co., 90 Tex. 82, 36 S. W. 247, 37 S. W. 319; Tex. Cent. R. R. Co. v. Stuart, 1 Tex. Civ. App. 642, 20 S. W. 962, in which writ of error was refused by our Supreme Court.

The remaining special instructions requested by appellant, same being numbered from 2 to 8, inclusive, were sufficient on their face to show the reasons why appellant sought to have them given, and perhaps it was not necessary that any special objection should have been presented to the trial judge to his refusal to give those instructions, as such objections necessarily would have been but a repetition of the reasons apparent upon the face of the instructions.

[5, 6] By charges Nos. 2 and 5 appellant sought to have the jury told that, unless it has been shown by the testimony that the jerk which caused Mrs. Barnes to fall was of unusual violence and that the same constituted negligence on the part of the defendant, plaintiff could not recover. Substantially the same instruction was given in the court's main charge and to which no objection was

urged by appellant. One of the grounds of negligence was that the defendant company ignored Mrs. Barnes' request to stop the car at the street upon which she desired to alight and carried her a block further than she intended to go. On the former appeal we held that this was not the proximate cause of the injury and would not be grounds for a recovery. By special charges Nos. 3, 4, 7, and 8, the defendant sought to have the jury instructed in accordance with that ruling. The assignments addressed to the refusal of those special instructions present no reversible error, since the court in its charge submitted the one issue of negligence of suddenly jerking the car and expressly told the jury that, unless that issue of negligence was established by a preponderance of the evidence, a verdict should be returned in favor of the defendant.

[7] Special instruction No. 6 presented the issue of contributory negligence, and it must be overruled for the reason that the trial court gave an instruction upon that issue which, in the absence of any objection thereto, must be considered as having been approved by appellant, and for the further reason that it seems to be practically as favorable to appellant as the requested instruction. The foregoing disposes of all assignments of error presented by appellant.

[8] By cross-assignments appellees insist that the sum of $100 awarded to them as damages was grossly inadequate and that for that reason the judgment should be reversed and the cause remanded for another trial. The evidence shows that Mrs. Barnes was 63 years old at the time of her injury, and that the injury consisted of a simple fracture of the radial bone in her left arm just above the wrist; the radial bone being one of two bones in that portion of the arm. Testimony introduced by plaintiffs would have warranted a finding of damages in a greater sum. The physician who treated Mrs. Barnes for the injury testified that when he first visited her he found her arm and wrist considerably swollen; that by the use of bandages and splints he reduced the fracture and swelling; that he visited her two or three times; that he left the first bandage on the arm about ten days and replaced it with another bandage which remained thereon about two weeks. He further testified that Mrs. Barnes came to his office once or twice after he treated her, one of which visits was three or four months prior to the trial, which according to other evidence was more than two years after the injury. He further testified, in part, as follows:

"On a younger person ordinarily a fracture of this kind would not leave much effect; of course, in a person of Mrs. Barnes' age it might leave a little stiffness. It will take time to tell that; I can't say as to whether it will do it or not. I haven't seen her in some time."

In the light of this and other testimony, which it is not necessary to set out, the as-

signment now under discussion must be overruled.

The judgment is affirmed.

SPEER, J., not sitting.