BANKERS' TRUST CO. v. FRANKS et al.†

(No. 8102.)

(Court of Civil Appeals of Texas. Ft. Worth. March 13, 1915. Rehearing Denied June 19, 1915.)

1. APPEAL AND ERROR ⏆1026 — REVIEW — HARMLESS ERROR.

An assignment of error attacking the sufficiency of the evidence with respect to issues not submitted to the jury will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4029, 4030; Dec. Dig. ⏆ 1026.]

2. MORTGAGES ⏆78—DEFENSES—MISREPRESENTATIONS.

F. subscribed for stock in an insurance company and executed his notes therefor; S. being the promoter. S. also represented a trust company in negotiations with F. and his wife, which culminated in the execution of notes secured by a deed of trust, and in such negotiations falsely represented that the notes for the life insurance stock were due and unpaid; that the company was demanding payment; that S. had paid or would cause them to be paid; and that, in exchange for the life insurance stock, he would transfer to F. stock in the trust company and would attach it to the notes given the trust company. Held, that it was a defense to such notes in the hands of the trust company that they were procured by S. by such misrepresentations, though the trust company was not interested in the transaction between F. and S. as the promoter of the life insurance company with respect to which the misrepresentations related.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 177–181; Dec. Dig. ⏆78.]

3. APPEAL AND ERROR ⏆263—RESERVATION OF GROUNDS OF REVIEW—EXCEPTIONS.

Where no exception was taken at the trial to an instruction or to the court's ruling in permitting defendant to assert a defense claimed to be inconsistent with his statutory admission made for the purpose of obtaining the right to open and close, such rulings could not be complained of on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. ⏆263.]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Suit by the Bankers' Trust Company against T. R. Franks and others. From a judgment for plaintiff for insufficient relief, it appeals. Affirmed.

McLean, Scott, McLean & Bradley and Goree & Turner, all of Ft. Worth, for appellant. Clendenen & Simmons, of Ft. Worth, for appellees.

DUNKLIN, J. The Bankers' Trust Company instituted this suit against T. R. Franks and wife upon promissory notes aggregating the principal sum of $11,000 and to foreclose a mortgage lien given to secure the same

upon certain land in Hall county. In their answer the defendants admitted the execution of the instruments and an indebtedness thereon to plaintiff in the sum of $3,000, but alleged that there was no consideration for $8,000 of the principals of said notes. This plea of failure of consideration was predicated upon allegations that the execution and delivery of the notes by them to the plaintiff were procured by fraudulent misrepresentations made to them by plaintiff, acting through its agents. From a judgment in favor of plaintiff for the sum of $3,000, with interest thereon from the date of the note, and for 10 per cent. attorneys' fees, less a credit in the sum of $352, and for foreclosure of a mortgage lien upon the land described in the deed of trust, plaintiff has appealed.

At the inception of the trial defendant made the statutory admission of the plaintiff's right to recover, as prayed for in its petition, except in so far as said recovery may be defeated by affirmative matters alleged and proved by the defendants, and was granted the right to open and conclude the case in the introduction of evidence and in argument upon the facts.

In their answer defendants presented several issues of fraudulent misrepresentations and acts on the part of plaintiff's agents which induced defendants to execute the instruments upon which the suit was founded, but only one of those issues was submitted in the court's charge as a basis for the defense against the collection of $8,000 of the principals of said notes and interest accruing thereon. The proof showed that, prior to the execution of the note sued on, the defendant Franks had subscribed for 250 shares of capital stock of the American Home Life Insurance Company, and had executed his notes therefor in the sum of $7,500. R. T. Stuart was the promoter of said insurance company and secured that contract from Franks. He also represented the Bankers' Trust Company in the negotiations with Franks and wife, which culminated in the execution of the notes and deed of trust upon which this suit was instituted. Defendants alleged that Stuart induced them to execute the notes and deed of trust in controversy in this suit by falsely representing to them that the notes which Franks had executed for the stock in the life insurance company were due and unpaid, and that the American Home Life Insurance Company was demanding payment thereof, principal and interest, and that said Stuart had paid, or would cause to be paid, to the company, the amount of said notes, and in exchange for the life insurance company's stock he (Stuart) would transfer to Franks stock of the par value of $4,400 in the Bankers' Trust Company and would attach said stock to the notes sued on herein. The trial court charged the jury if those allegations of misrepresentation were sus-

tained by the evidence, and that defendants were induced thereby to execute the notes, then the defense alleged should be sustained. The evidence was ample to sustain that plea of fraud. The evidence shows that the stock in the life insurance company was never received by Franks, but, on the contrary, that it was marked on the books of the company canceled; that the notes given by Franks for such stock were made payable to Stuart and were never owned by the life insurance company; and that $8,000 of the consideration for the notes in controversy in this suit was never received by Franks and wife, but was appropriated by Stuart upon a claim by him of the right to apply the same upon the notes given for the stock in the life insurance company, such appropriation by Stuart being made without the consent of Franks and wife. According to the pleadings of Franks in this case, the notes executed by him for stock in the life insurance company were likewise without consideration, and there was evidence tending to support that plea, even though the same was not submitted as an issue.

Error is assigned to the action of the court in submitting the issue of fraud shown in the charge and referred to above upon the ground that it was not raised by the pleadings. Without setting out the pleadings, we think it is sufficient to say that an examination of defendants' answer shows clearly that there is no merit in this assignment, which is accordingly overruled.

[1] By another assignment and numerous propositions submitted thereunder, complaint is made that the judgment was erroneous because of a failure of the defendants to establish other allegations of fraud and deceit practiced upon the defendants by the alleged agents of the plaintiff inducing the defendants to execute the notes in suit. As none of those issues of fraud were submitted to the jury, the assignment is overruled.

[2] It is contended further that the alleged misrepresentations by Stuart relative to the American Home Life Insurance Company's stock concerned matters in which the plaintiff was not interested and were therefore not binding upon the plaintiff. Whether or not the plaintiff was interested in the previous transaction between Franks and Stuart as the promoter of the life insurance company could make no difference. If a fraud was practiced upon the defendants by means of which the notes were executed, clearly it would be no excuse for the fraud to say that plaintiff was not interested in the transaction to which the misrepresentations related. If the misrepresentations were material, and by means of them plaintiff procured the execution and delivery of the notes and deed of trust, then the defense submitted was sustained, regardless of the particular nature of the misrepresentations.

[3] Another assignment of error reads:

"Defendants having made the statutory admission of plaintiff's right to recover, it was error to permit them to defend upon the ground that the notes sued on were wholly without consideration, or that the consideration was illegal and void or to render judgment against plaintiff based on such defenses."

The ruling of the court in permitting the defense here complained of was not excepted to upon the trial, and hence appellant is committed to an approval of such ruling. Cleburne St. Ry. Co. v. Barnes, 168 S. W. 991. And, besides, we do not understand that the statutory admission of plaintiff's right to recover, except in so far as a valid defense might be established against the granting of such relief, would deprive the defendants of the right to the defense that was submitted in the court's charge.

By another assignment complaint is made of the action of the trial court in charging the jury to allow a credit of $352 on the $3,000 indebtedness admitted by the defendants. As no exception was presented upon the trial to this instruction, appellant must be held to have approved it, and is therefore in no position to complain here.

The judgment is affirmed.

