GEORGE W. HENSLEE, EXECUTOR, v. J. L. HENSLEE, ADMINISTRATOR, ET AL.

No. 72.

1. **Evidence.**—Testimony without pertinency to any issue, and calculated to prejudice the minds of the jury, should not be admitted. See example.

2. **Deed — Construction.**—A deed purporting to convey " all our right, title, and interest in and to all the property, real and personal, consisting of lands and stock, farming implements, and all other property, of any and all descriptions, owned or possessed by the said Andrew B. Terry at the time of his death, and for a more particular reference in regard to the lands we refer to the records of the county clerk's office of Hunt County," was made to J. W. Terry by the other heirs and the surviving wife of Andrew B. Terry. The property

alluded to was the community property of Andrew B. and Margaret Terry. *Held*, it is evident from the language of the deed, as well as from the contemporaneous circumstances, that the widow intended thereby to convey all her interest in the property, and not merely the half-interest of Andrew B. Terry.

3. **Deed Absolute—Trust—Parol Evidence—Charge of Court.—** In order to engraft by parol a trust upon a deed absolute on its face, the proof must be clear and certain, and it is not error to so charge the jury.

4. **Charge of Court.** — As the right to recover one tract of land did not necessarily depend upon the right to recover one-half of the other property involved in the suit, the charge which, in effect, instructed the jury that in order for appellants to recover the one tract they must find also for them the half of the other property, was, when a special charge embodying proper instructions on the point was refused, an error requiring a reversal.

APPEAL from Hunt. Tried below before Hon. E. W. TERHUNE.

*J. G. Mathews* and *J. A. B. Putman*, for appellant.— 1. No estoppel in pais can be created by the acts, admissions, or conduct of a party unless the party pleading estoppel has been induced thereby to change his position; and without pleading that such acts, admissions, or conduct were relied upon, the allegation of same would be immaterial and irrelevant. Williams v. Chandler, 25 Texas, 11; Bige. on Estop., 4 ed., 6.

2. The introduction of immaterial and irrelevant testimony is reversible error when such testimony is calculated to injuriously affect the interest of the party objecting to such evidence.

3. The court erred in the twelfth paragraph of the general charge to the jury, in instructing them, " that the deed in evidence from the heirs of A. B. Terry and Margaret Terry to John W. Terry, of date January 22, 1868, was a valid conveyance on its face of all the community property of A. B. Terry and Margaret Terry," etc., as said instrument only purports to convey the property owned by A. B. Terry at the time of his death; and said charge casts the burden of proof relative thereto upon plaintiff, when to avoid said deed the burden was upon defendants. Moss v. Helsley, 60 Texas, 435.

4. The court erred in the thirteenth paragraph of the general charge, in instructing the jury, that " in order to authorize them to find that John W. Terry was holding the property in trust for his mother, Margaret Terry, that fact must be established with clearness and certainty," as the law only requires that such fact be established by a preponderance of the evidence; and said charge was calculated to mislead the jury and to induce them to consider that such fact must be established beyond a reasonable doubt. McBride v. Banguss, 65 Texas, 174; Neyland v. Bandy, 69 Texas, 711; Wallis v. Wood, 7 S. W. Rep., 852.

5. The court erred in the fifteenth paragraph of the general charge, in instructing the jury, that " if they believed from the evidence that half of the property owned and possessed by John W. Terry at the time of his

death, except the 320 acres of the Chadwick survey, was by him held in trust for Margaret Terry, and that said 320 acres of land was purchased with the separate property of Margaret Terry, they should find for the plaintiff; otherwise they should find for the defendants;'' as such charge precluded the jury from finding said 320 acres of land for plaintiff, unless they also found one-half of the other property for plaintiff. Barkley v. Tarrant County, 53 Texas, 257.

*Mathews, Neyland & Neyland,* for appellees.—1. The matter excepted to by appellant by his fifth special exception was not pleaded by defendants as an estoppel, nor was it so treated by the court in the charge given to the jury.

2. The court did not err in admitting in evidence the deed of Margaret Terry, dated January 22, 1868, under the proof. The legal effect of such conveyance, so far as the interest of Margaret Terry is concerned, was properly presented by the charge complained of. The legal title to said land at the date of the death of A. B. Terry was in said Terry, and the deed by his widow conveying all of her interest in all property owned by him at the date of his death is presumed to have conveyed her community interest therein, as she had no other interest in the same. Edwards v. Brown, 68 Texas, 331.

3. The charge complained of was given in the language of the law, as interpreted by this court, and was not error. Markham v. Carothers, 47 Texas, 28; Cuney v. Dupree, 21 Texas, 218.

4. No error which may have been committed by the court in its charge with regard to the 320 acres of Chadwick land can be material to appellant, because under a correct charge of the statute of limitation, which was plead by defendants, the jury must have found for appellees with regard to said 320 acres. De Cordova v. Smith, 9 Texas, 129; Tinnon v. Mebane, 10 Texas, 246; Carlisle v. Hart, 27 Texas, 353; Hunter v. Hubbard, 26 Texas, 537.

RAINEY, Associate Justice.—A. B. and Margaret Terry were husband and wife. A. B. Terry died in 1867. He left property amounting to eighty acres of land and some personal property, mostly cattle and horses. This was the community property of himself and wife, Margaret. He left surviving him the said Margaret and five children. In settling up said estate among themselves, the four oldest children, joined by the said Margaret, conveyed, by deed in writing, to John W. Terry all their interest in and to the said property, the consideration expressed being $400. Said J. W. Terry took possession of said property, and with his mother, Margaret Terry, lived on it until his death in 1887, during which time he accumulated considerable property, which is the subject of this

litigation.   J. W. Terry left a will, which, after providing for the said Margaret, bequeathed one-half of the remainder to J. L. Henslee, his nephew.

In June, 1889, Margaret Terry brought this suit against J. L. Henslee, who had qualified as administrator of the estate of J. W. Terry, and the other legatees and devisees under said will, alleging that she was the equitable owner of 320 acres of the land, the legal title being in J. W. Terry; that the same was bought with her money, and deed made to J. W. Terry; also, that she was the equitable owner of an undivided one-half of all the balance of said property, the same having been acquired by the joint investment of the means and funds of her and J. W. Terry, under an agreement between them that they should be equally interested.

Defendants answered generally, and specially plead the conveyance from Margaret Terry et al. to J. W. Terry, etc.   During the pendency of the suit, Margaret Terry died testate.   George W. Henslee qualified as her executor under the will, and made himself plaintiff in this suit. He filed a supplemental petition, alleging, that if the conveyance from Margaret Terry et al. to J. W. Terry pleaded by defendants purported to convey the community interest of Margaret Terry, it was executed by her with the understanding and under the belief that it only conveyed her interest in A. B. Terry's part of such community property.

William Davis and J. B. Terry intervened, claiming certain tracts of land embraced in the suit.   A trial was had before a jury, and judgment rendered for all the defendants and for the intervenors; from which plaintiff appeals.   Appellant abandoned his appeal as to the intervenors, J. B. Terry and William Davis, and the judgment of the court below is as to them affirmed.

Among the numerous errors assigned, we deem it necessary to discuss but a few.   In the sixth error assigned appellant complains of the admission of the testimony of Robert Green, over objections, which testimony was, that after the death of J. W. Terry, witness saw Margaret Terry at McCormick's; that she talked about plaintiff and his wife, and said that they "were trying to rob her, and that she would die before she would sign the papers they wanted her to sign," etc.   After a careful examination, we are unable to see the pertinency of this evidence to any issue involved in this case.   Such evidence is always calculated to prejudice the minds of the jury, and should never be admitted unless it has a bearing on some phase of the case.

The eleventh assignment of error complains of the twelfth paragraph of the court's charge, for instructing the jury that "the deed in evidence from the heirs of A. B. Terry and Margaret Terry to John W. Terry, of date January 22, 1868, was a valid coveyance on its face of all the community property of A. B. Terry and Margaret Terry," etc.   The recital in said deed is, "all our right, title, and interest in and to all the prop-

erty, real and personal, consisting of lands and stock, farming implements, and all other property, of any and all descriptions, owned or possessed by the said Andrew B. Terry at the time of his death; and for a more particular reference in regard to the lands, we refer to the records of the county clerk's office of Hunt County.''

The property therein mentioned was the community property of A. B. and Margaret Terry, and for that reason appellant's counsel contends that the language " owned or possessed " could have no reference to any of said property except A. B. Terry's one-half interest. In Moss v. Helsley, 60 Texas, 435, and in Haley v. Gatewood, 74 Texas, 281, the Supreme Court, in construing similar language in a will where a husband was devising his interest in the community property, held that it only applied to the interest of the husband, as he did not own the wife's interest, and could not dispose of it by will. This presents a different state of case from those stated in the decisions referred to. This deed was made to adjust and settle the rights of all the parties in and to the property left by A. B. Terry at his death. It conveyed, beyond question, the interest of the children. Margaret Terry had no interest in A. B. Terry's one-half, and there was no use for her to sign the deed for that purpose. If the deed was not intended to convey her one-half interest, then she went through a useless formula in executing it. The legal title to the property was in A. B. Terry, and to designate the land reference was made to the records of Hunt County. By such reference it would be seen that all the land, and not one-half, was described. It is evident from the language in the deed, as well as the contemporaneous circumstances, that Margaret Terry intended at the time to convey all her interest in the property. The legal title to the property being in A. B. Terry, and he having possession of both the land and the stock at his death, it was very appropriate in describing the whole property to use the term " owned and possessed." It was the court's duty to construe the deed, and we are of the opinion that it was correctly done.

In the fourteenth error assigned appellant's counsel insist that the court erred in the following charge to the jury, to-wit: " Before the plaintiff can recover in this action, he must show his right to do so by a preponderance of the evidence; and on the question of John W. Terry's property in trust for Margaret Terry, as alleged in plaintiff's petition, that fact must be established with clearness and certainty.''

Similar language as that used in the latter part of the foregoing charge has been in some cases criticised; and in McBride v. Banguss, 65 Texas, 177, Justice Stayton said: " In civil cases, juries should ordinarily find in accordance with the preponderance of the evidence, and a charge that requires a plaintiff to make ' satisfactory evidence ' or ' clear and satisfactory evidence ' may be understood to mean a higher degree of proof than is furnished by a preponderance of the evidence; and this is espe-

cially true when charges containing such language are often repeated." Yet the case was affirmed.

In Neyland v. Bendy, 69 Texas, 711, cited by appellant, a charge was asked, "that in order to engraft a parol trust upon such absolute deed, it requires the *clearest and most positive proof of such fact*, and unless plaintiff has made such proof, you will find for defendant." This charge was refused, and the court held correctly so. The language there used is much stronger than that complained of in this case, and required more than the law justified. We have found no case where such language as complained of has ever been held sufficient to cause the reversal of a cause involving the questions herein. The effort in this case is an attempt to engraft by parol a trust upon a deed absolute upon its face. Where such is the case, the authorities all hold, that in order to establish it the proof must be clear and certain. The law requires a trial judge to charge the jury the law of the case. If this degree of proof is required to establish this fact, then the jury should know it, and such a charge is not error.

Exceptions were taken to the fifteenth paragraph of the court's charge, in which they were told, "if they believed from the evidence that half of the property owned and possessed by John W. Terry at the time of his death, except the 320 acres of the Chadwick survey, was by him held in trust for Margaret Terry, they should find for the plaintiff; otherwise they should find for the defendants." A recovery of the 320 acres by appellant did not necessarily depend upon the right to recover one-half of the other property. At least the jury had the right to pass upon that issue as it was raised by the evidence. The charge, however, instructed them, in effect, that in order for appellant to recover the 320 acres, they must find also for them the other half of the property. The appellees contend, that in paragraph 11 of said charge, the court explained to the jury under what circumstances appellant could recover the 320 acres, and that when taken in connection with other portions of the charge, it was sufficiently explicit to inform the jury what the law of the case was, and that they could not have been misled by the instructions complained of. Said paragraph 11 instructs the jury the correct principles of law applicable to the creation of a trust, but there is no application therein of the law to the facts as presented in this case. The only application of the law to the facts pertaining to the 320 acres is found in that part of the charge here excepted to. Counsel for appellant presented to the court a special charge embodying proper instructions on this point, which was refused by the court. That or similar instructions should have been given. We think the court erred as here indicated, which requires a reversal of the case.

We also think the court erred in overruling appellant's fifth special demurrer, which strikes at the allegations in reference to the conduct and declarations of Margaret Terry and plaintiff before the will of John W.

Terry was discovered. Such acts and declarations did not create an estoppel. While it was proper to introduce such acts and declarations in evidence as circumstances for the jury to consider, such was not proper matter to be plead. The ruling of the court, we take it, was harmless in the trial of the cause; but the plea was specially excepted to, and the matter not being proper to be plead, the exception should have been sustained.

The judgment of the court below is affirmed as to the intervenors, and reversed and remanded as to appellant.

*Affirmed as to intervenors.*

*Reversed and remanded as to appellant.*

Delivered November 15, 1893.