## KIRCHNER, Appellant, v. COLLINS.

### Division Two, November 28, 1899.

1. **Contract**: ACCEPTANCE OF WORK DONE FOR ANOTHER. Where plaintiff sues for services rendered defendant in drawing plans and specifications for a house, and the only issue is whether they were drawn for defendant or another, and there is nothing in the pleadings which bases his right to recover on the acceptance by defendant of the plans drawn for another, and no request for such modification of the basis of his claim is contained in his instructions, it is not error to tell the jury to find for defendant if they believe the plans were not drawn for defendant but for such other person.

2. **Instruction**: "FAIR PREPONDERANCE." The qualification of the word "preponderance" in an instruction by the use of the adjectives "fair," "clear," and "satisfactory" should be avoided. But the use of the words "fair preponderance" is held not to be reversible error under the circumstances of this case.

3. **Witness**. The jury are entitled to weigh a witness's evidence by his manner on the stand, and may disbelieve him "if they believe from all they have seen and heard at the trial" that he has willfully sworn falsely, etc.

*Appeal from St. Louis City Circuit Court.*—HON.
JAMES E. WITHROW, Judge.

AFFIRMED.

A. C. & H. B. DAVIS and CHESTER H. KRUM for appellant.

(1)   The instruction numbered 1 is manifestly errone-
ous.   It ignores the possibility of the adoption of the plans by
the respondent, although they might have been originally
drawn for Truitt.   It ignores the claim of the appellant, as
sought to be established by his evidence, that Truitt was act-
ing for the respondent.   It ignores the claim asserted by the
appellant, as against a mere general denial in the answer,
that the respondent agreed to pay for the plans, in any event.
(2)   The instruction numbered 2 is erroneous, in that it does
not explain to the jury the meaning of the words "fair pre-
ponderance," as applied to the quality of the evidence neces-
sary to have been adduced by the appellant.   And, therefore,
casts a greater burden upon plaintiff than belongs to him.
Scott v. Allenbough, 50 Mo. App. 130.   (3)   Instruction
numbered 3 is erroneous.   State v. Buckler, 103 Mo. 203.

McKEIGHAN, BARCLAY & WATTS for respondent.

(1)   The court below did not err in telling the jury that
if they believed from the evidence that the plans and specifi-
cations drawn up by plaintiff and put in evidence were drawn
up for one Joseph E. Truitt, and not for the defendant in the
suit, they should find a verdict for the defendant.   This pre-
sented the substantial issue in the case.   The contention of
the defendant was not that plaintiff had not drawn certain
plans and specifications, but that he had drawn them for
Truitt and not for the defendant.   The evidence on both
sides was directed to this sharp issue of fact, and therefore it
was proper for the court to instruct the jury directly upon it.
(2)   Instruction numbered 2, given at the instance of de-
fendant, is correct.   It did not cast upon the plaintiff a
greater burden than the law imposed upon him.   On the con-
trary, the burden on the plaintiff to support the issues on his
part by a preponderance of evidence, was lightened rather

than increased by that instruction.   Short v. Bohle, 64 Mo. App. 246; Morton v. Heidorn, 135 Mo. 616; Anchor Milling Co. v. Walsh, 37 Mo. App. 567; Thompson on Trials, sec. 2327; Miller v. Boot and Shoe Co., 26 Mo. App. 63; Cooper v. Johnson, 81 Mo. 483; Berry v. Wilson, 64 Mo. 164.

GANTT, P. J.—This is an action by plaintiff for alleged services rendered to him by defendant as an architect in drawing certain plans and specifications for an apartment building in the city of St. Louis, at the corner of Lindell boulevard and Vandeventer avenue.

The defendant denied the employment and asserted that whatever plans and specifications were gotten up by plaintiff were made at the request of and for the use of one Joseph E. Truitt, who had conceived the idea of constructing such a building on a parcel of ground belonging to defendant, and his brother Robert Collins, said Truitt intending to lease the said ground for that purpose and to issue and sell bonds to raise the money for that purpose.

The issues of facts before the jury were, whether the services whose value was sued for, were rendered to defendant Collins or to said Truitt, and whose testimony should be credited by the jury, Truitt's or defendant's.

The verdict was for defendant and plaintiff appeals.

I.   The first error assigned is the action of the circuit court in giving the first instruction prayed by defendant. It is:

"1.   The court instructs the jury, that if they believe from the evidence that the plans and specifications drawn up by plaintiff and put in evidence in this action, were drawn up for one Joseph E. Truitt, and not for defendant in this suit, they will find a verdict for the defendant."

The objection is that it ignored the possibility of the adoption of the plans by defendant Collins, although they had originally been prepared for Truitt.

It is sufficient to say on this point that no basis for this

contention can be found in the pleadings and no request was made for such a modification by plaintiff in his instructions. On the contrary the issue was sharp and clear, were the plans drawn for defendant or for Truitt? If for Truitt, defendant was not liable. If for defendant, he was.

II.   The second instruction for defendant is also challenged for the use of the word "fair" in connection with the word "preponderance." That instruction is as follows:

"2.   The court instructs the jury that the burden of proof is upon the plaintiff to maintain the issue in this case on his part, by a fair preponderance of evidence as to whether or not the plaintiff was employed by the defendant to perform the services sued for and testified to by the plaintiff; and unless the jury believe from the evidence that the plaintiff has so maintained the said issue, they will find a verdict for the defendant."

It is earnestly insisted that this qualification of the word preponderance is reversible error.

The rule that a jury should find in favor of the preponderance of the evidence is very old and the addition of words of qualification such as "clear," "satisfactory" and "fair" should be avoided lest they be construed by the jury as requiring a higher degree of proof than is furnished by the preponderance alone.

In this case most learned counsel have favored us with different constructions to be placed on the word "fair."

While it is to be avoided we are not disposed to view it under the circumstances of this case as reversible error and we can find no case where it has been regarded of such weight. On the contrary it has been expressly ruled insufficient to work a reversal in our sister State of Texas. . [McBride v. Banguss, 65 Tex. 174; Adams v. Eddy, 29 S. W. Rep. 180; Cabell v. Menczer, 35 S. W. Rep. 206.]

III.   No error was committed in giving the third instruction given by the court of its own motion. It has received the

approval of this court many times. A jury is entitled to weigh a witness's evidence by his manner and testimony on the stand.

The judgment is affirmed. BURGESS, J., concurs; SHERWOOD, J., absent.